Paula BURLILE; Jerry Burlile, Plaintiffs–Appellants,

v.

MCCLUSKEY CHEVROLET–GEO, INC., Defendant–Appellee.

No. 00–4614.

United States Court of Appeals, Sixth Circuit.

Nov. 2, 2001.

Before SILER and COLE, Circuit Judges; STAFFORD, District Judge.*

### ORDER

Paula and Jerry Burlile, pro se Ohio residents, appeal a district court judgment dismissing their civil action brought pursuant to 15 U.S.C. § 1681 *et seq.*, 28 U.S.C. § 1331, Ohio Rev.Code § 1545.01 *et seq.*, and various state tort claims. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, the Burliles sued McCluskey Chevrolet–Geo, Inc. concerning the repossession of a car which McCluskey had sold them. The district court granted summary judgment to McCluskey noting that under the sales contract which the Burliles had signed, the parties were required to arbitrate their dispute.

In their timely appeal, the Burliles argue that the district court erred in considering only the contract between the parties and not the actions of McCluskey, that McCluskey breached its contract, that they were without notice of the arbitration clause, and that McCluskey was guilty of unlawful possession of the car.

The district court's judgment is reviewed de novo. *See Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000).

Under Ohio law, courts are to enforce valid arbitration clauses. *See ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 692 N.E.2d 574, 576–77 (1998). To defeat an arbitration clause, a claimant must demonstrate that the arbitration clause was fraudulently induced. *Id.* at 577–78. The classic claim of fraudulent inducement asserts that a misrepresentation of fact outside the contract or other wrongful conduct induced a party to enter into a contract. Examples include a party to the release misrepresenting the economic value of the released claim, or one party applying coercion or duress to cause the other party to sign the agreement. *Id.* at 578. The Burliles allege that McClus-

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

key failed to tell them what was in the contract. At the center of the Burliles's allegation is the fact that they did not read the contract. As the Ohio Supreme Court stated, "A person of ordinary mind cannot be heard to say that he was misled into signing a paper which was different from what he intended, when he could have known the truth by merely looking when he signed." *Id.* at 579 (citations omitted). The legal and common-sense axiom that one must read what one signs survives in this case. *Id.* Finding for the Burliles would destroy this standard. As there is no evidence of fraudulent inducement, the district court did not err in upholding the arbitration clause and granting summary judgment for McCluskey.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.